IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JACKIE R. GABRIEL, | Civil No. 04-6086-AA |
| | OPINION AND ORDER |
| Plaintiff, | |
| vs. | |
| SHERIFF LES STILES, et al., | |
| Defendants. | |

Michael Henderson
Michael Henderson, P.C.
360 NW Vermont Place Suite 100
Bend, Oregon 97701
    Attorney for plaintiff

Mark P. Amberg
Deschutes County Legal Counsel
1300 NW Wall Street, Suite 200
Bend, Oregon 97701
    Attorney for defendant Les Stiles

AIKEN, Judge:

    Defendant Les Stiles moves for summary judgment pursuant to Fed. R. Civ. P. 56. The motion is granted and this case is

Page 1 - OPINION AND ORDER

dismissed.

## BACKGROUND

The sole remaining defendant in this action is Deschutes County Sheriff Les Stiles. The other defendants have been dismissed by plaintiff. Plaintiff alleges five claims for relief: (1) False Arrest and Imprisonment; (2) Malicious Prosecution; (3) Intentional and Reckless Infliction of Emotional Distress; (4) Defamation; and (5) "Civil Rights."

On June 26, 2001, plaintiff was sentenced to seven days in jail by the Deschutes County Circuit Court on charges of Driving While Suspended. The Court's sentencing order allowed plaintiff to serve her jail time in the Warm Springs Jail. Subsequently, on February 10, 2002, plaintiff was arrested in Jefferson County on a charge of driving while suspended and on a bench warrant issued by the Deschutes County Circuit Court. Plaintiff alleges that former defendant, Judy Dawson, a Deschutes County Jail Office Assistant, maliciously sought and obtained a bench warrant for plaintiff's arrest. Complaint, ¶¶ 8, 11.

The record shows that Dawson submitted an affidavit to the District Attorney's office stating that plaintiff did not serve time in the Deschutes County jail. Defendant's Ex. 2. Based on Dawson's affidavit, former Deputy District Attorney Ruben Munoz filed a Motion to Revoke Probation and for Issuance of a Bench Warrant. Defendant's Ex. 3. Munoz's affidavit in support of his

motion incorrectly states that "the defendant has failed to report to jail as ordered by the Court." Id. While accurate that plaintiff did not report to the Deschutes County Jail, plaintiff had the option of serving her sentence in the Warm Springs Jail. The defendant does not dispute plaintiff's assertion that she did, in fact, serve her sentence at the Warm Springs Jail. Presumably, the District Attorney's office failed to check with the Warm Springs Jail prior to filing the Motion to Revoke Probation and for Issuance of a Bench Warrant.

After serving ten days in the Jefferson County Jail for the February 10, 2002 arrest, on February 21, 2002 pursuant to the Deschutes County Bench Warrant, plaintiff was transferred to the Deschutes County Jail. On February 22, 2002 at approximately 2:45 p.m., plaintiff was arraigned in the Deschutes County Court and released by the court on condition that plaintiff appear on March 8, 2002, and provide proof that she served her sentence in the Warm Spring Jail. Plaintiff was then transported back to the Deschutes County Jail for processing and was released from the Jail at approximately 6:46 p.m. on February 22, 2002.

## STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

Page 3 - OPINION AND ORDER

is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law on an issue determines the materiality of a fact. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Electrical, 809 F.2d at 630.

DISCUSSION

Plaintiff suggests that the court group her claims as follows: the first group consists of plaintiffs "civil rights" claims, including malicious prosecution and false arrest and

imprisonment. The second group consists of plaintiff's defamation and intentional infliction of emotional distress (IIED) claims.

I. Civil Right Claims

Plaintiff alleges that she was falsely arrested on February 10, 2002, and imprisoned. However, the record shows that plaintiff was arrested on that date on the Deschutes County Warrant <u>and</u> for violating Or. Rev. Stat. § 811.182, driving while privileges suspended or revoked. Allison's Aff., p. 2-3. Therefore, assuming that the Deschutes County warrant was invalid, plaintiff's arrest and incarceration in Jefferson County Jail was proper and authorized by law.

Regarding the District Attorney's office's action in filing a motion for a bench warrant, presumably Deputy District Attorney Munoz failed to ascertain whether plaintiff had served her sentence in the Warm Springs Jail. Since Deputy District Attorneys are agents for the State of Oregon, and not the County, I find no grounds to hold the Deschutes County Sheriff liable for any action or failure to act on the part of the District Attorney's office in obtaining a bench warrant for plaintiff's arrest. I find no legal basis to support plaintiff's false arrest and imprisonment claim against this defendant.

Plaintiff further alleges that her transportation to the Deschutes County Jail on February 21, 2002, and release the

Page 5 - OPINION AND ORDER

following day, February 22, 2002 at 6:46 p.m. constituted false imprisonment. I disagree. Plaintiff was transported to and held at the Deschutes County Jail pursuant to a judicially issued warrant. I find no evidence in the record that the defendant took any actions that could be interpreted as false arrest or imprisonment. Further, contrary to plaintiff's assertion, I find no legal authority requiring defendant to provide plaintiff with a companion, transportation, money, food or lodging upon her release from jail on February 22, 2002.

Moreover, I find plaintiff's claims of excessive force and punishment lacking in factual support. Plaintiff fails to allege any factual allegations concerning the use of excessive force or punishment by defendant towards plaintiff. This claim is dismissed and defendant's motion for summary judgment is granted.

Plaintiff next alleges a claim for malicious prosecution against the defendant. To state a claim for malicious prosecution, a plaintiff must prove that: (1) criminal proceedings were instituted; (2) by or at the insistence of defendant; (3) termination of the proceedings in the plaintiff's favor; (4) malice in instituting the proceedings; (5) lack of probable cause for the proceeding; and (6) injury or damage because of the proceeding. Waldner v. Dow, 128 Or. App. 197, 200, 876 P.2d 785 (1994).

I find no evidence to support this claim. The defendant does not know the plaintiff, nor has he ever met her. The record does not show that defendant took any actions, made any decisions, or had any involvement whatsoever with the plaintiff. Therefore, this claim is dismissed and summary judgment is granted for the defendant.

Finally, plaintiff alleges a "civil rights" claim. This claim seems to be for damages pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the Deschutes County Sheriff's Office developed and maintained policies exhibiting deliberate indifference to the constitutional rights of people in Deschutes County in that the County failed to properly and adequately investigate alleged probation violations, which caused a violation of plaintiff's rights. Complaint, ¶ 24.

Plaintiff alleges:

> It was the policy, custom, or both of the counties of Jefferson and Deschutes to inadequately and improperly investigate alleged probation violations and such acts of official misconduct were instead tolerated by the counties of Jefferson and Deschutes.
> It was the policy, custom, or both of the counties of Jefferson and Deschutes to inadequately supervise and train its police officers, including defendant officers, thereby failing to adequately discourage further constitutional violations of [sic] the part of its police officers.  the County did not require appropriate in-\
> service training or re-training of officers who were known to have engaged in police misconduct.
> As a result of the above described policies and customs, police officers believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

Page 7 - OPINION AND ORDER

> The above described policies and customs demonstrated a
> deliberate indifference on the part of the policymakers
> of the counties of Jefferson and Deschutes and the
> Sheriffs of each county to the Constitutional Rights
> of persons within the County, and were the cause of
> the violations of [plaintiff's] rights alleged herein.

Complaint, ¶ 24.

Plaintiff first fails to indicate whether plaintiff is suing the defendant in his official or individual capacity. Because plaintiff has failed to allege any specific misconduct by the defendant, the court will construe plaintiff's claims against the defendant in his official capacity. Regarding plaintiff's claims against the defendant, I find no evidence that the defendant, acting in his official capacity, violated any federally protected right pursuant to the enforcement, custom, or practice of Deschutes County. See Monell v. Dept. of Soc. Serv., 436 U.S. 658 (1978)(a municipality cannot be held liable under § 1983 on the basis of respondent superior). The Supreme Court has held that a municipality can only be held liable under § 1983 when the enforcement of a municipal policy or practice causes the deprivation of a federally protected right of plaintiff. Moreover, the plaintiff must establish a policy or custom as an element of plaintiff's claim. A 'custom or practice' is defined as a well settled, persistent, wide spread course of conduct by municipal officials that has the force of law. Monell, supra.

I find no evidence to support plaintiff's claim. The Ninth Circuit has stated that a plaintiff cannot prove the existence of

a municipal policy or custom for purposes of establishing municipal liability under § 1983, "based solely on the occurrence of a single incident or unconstitutional action by a non-policy making employee. <u>Nadell v. Las Vegas Metropolitan Police Dept.</u>, 268 F.3d 924, 929 (9th Cir. 2001), <u>cert. denied</u>, 535 U.S. 1057 (2002). <u>See also</u>, <u>Board of County Commissioners v. Brown</u>, 520 U.S. 397, 405 (1997)("Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to insure that the municipality is not held liable solely for the actions of its employee"). Even viewing all inferences in the light most favorable to the plaintiff, this is exactly the situation at bar. An isolated incident by an employee is not sufficient to establish the requisite "custom and policy" required under § 1983 to hold a municipality liable for unconstitutional actions. Therefore, defendant's motion for summary judgment on this claim is granted.

II. IIED and Defamation Claims

Regarding plaintiff's IIED claim (including reckless infliction of emotional distress), I find no evidence of any intent by the defendant to recklessly or intentionally cause severe emotional distress to the plaintiff. <u>McGanty v. Straudenraus</u>, 321 Or. 532, 550, 901 P.2d 841 (1995)("intent

exists when the actor desires to inflict severe emotional distress, and also where he knows that such distress is certain, or substantially certain, to result from his conduct"). Regarding plaintiff's release from the Deschutes County Jail and her allegations that she was released "late at night, alone, without money, and no means to travel to her home in Warm Springs or to procure food or lodging," Complaint, ¶ 8, I find that the defendant had no involvement or authority in any decisions related to plaintiff's release. Therefore, defendant could not have caused plaintiff any severe emotional distress around her release.

Moreover, this court finds that the conditions surrounding plaintiff's release from the Deschutes County Jail did not constitute an "extraordinary transgression of the bounds of socially tolerable conduct." See Kraemer v. Harding, 159 Or. App. 90, 110, 976 P.2d 1160, rev. denied, 329 Or. 357, 994 P.2d 124 (1999)("extraordinary conduct [is conduct] which a reasonable jury could find beyond the farthest reaches of socially tolerable behavior")(internal citations omitted). Defendant's motion for summary judgment is granted on plaintiff's IIED claim.

Regarding plaintiff's claim for defamation, this claim is also dismissed. Or. Rev. Stat. § 12.120(2) provides a one-year statute of limitations period for commencing "an action for liable or slander." The events for which plaintiff alleges

that she suffered injuries occurred between February 10, 2002, and March 8, 2002. Plaintiff filed her complaint on February 13, 2004, nearly two years later. Therefore, plaintiff's claim of defamation is time-barred. Even if this claim were not barred by the one-year statute of limitations, the court finds grounds to dismiss this claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff fails to allege any defamatory statements by the defendant. This claim seemingly pertained to former defendants that have since been dismissed. Therefore, this claim is dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## CONCLUSION

Defendant Les Stiles' motion for summary judgment (doc. 36) is granted and this case is dismissed. All pending motions are denied as moot. Defendant's request for oral argument is denied an unnecessary.

IT IS SO ORDERED.

Dated this __26__ day of July 2005.


                                              /s/ Ann Aiken
                                              Ann Aiken
                              United States District Judge